D. D. GODWIN ET AL. *v.* THOMAS F. DAVIS.

1. INTERNAL IMPROVEMENT LANDS. *Grant to state. Selection.*

Title to the internal improvement lands, granted to the state by act of congress, September 4, 1841, was vested in the state on selection, by its direction, of lands subject to location under the act.

2. SAME. *Irregularities.*

Irregularities in the state's selection of lands under act of congress, September 4, 1841, cannot avail a litigant who does not claim the land under either the United States or this state.

3. SAME. *Sale by state. Irregularities. Laws 1878, p. 218.*

The validity of the state's patent to lands acquired under act of congress, September 4, 1841, which is made under laws of 1878, p. 218, cannot be questioned by one who does not claim under the United States or this state.

FROM the chancery court of Tallahatchie county.

HON. A. H. LONGINO, Chancellor.

The appellee, Davis, began this suit in the chancery court against the appellants, Godwin and others, to cancel the claims of defendants to the lands in controversy, and to remove them from the possession thereof. The lands were a part of the internal improvement lands, donated to· the state by act of congress, approved September 4, 1841, and complainant purchased from the state and obtained its patent, under laws of Mississippi 1878, p. 218, which authorized the sale of the lands at fifty cents per acre, while the act of congress provided that they should· not be sold by the state for less than one dollar and twenty-five cents per acre. The defendants, by their answers, claimed ownership of the lands, but did not offer evidence of any title in themselves.

*E. D. Dinkins*, for appellants.

The complainant must rely on the strength of his own title, and not on the weakness of that of his adversary. He must have a "perfect legal or a perfect equitable title." *Boyd* v. *Thornton*, 13 Smed. & M., 338; *Toulmin* v. *Heidleberg*, 32 Miss., 268; *Jayne* v. *Boisgerard*, 39 Miss., 736; *Huntington* v. *Allen*, 46 Miss., 654; *Handy* v. *Newman*, 51· Miss., 166; *Griffin* v. *Harrison*, 52 Miss., 824.

The patent appears on its face to be invalid, as the ninth section of the act of congress, September 4, 1841 (code of 1857, 689), which gave to the State of Mississippi the right it had in said land, provides "that the lands herein granted to the states above named shall not be disposed of at a price less than $1.25 per acre until otherwise authorized by law of the United States. Now, by reference to said patent, it will be seen that it was issued under an act of the legislature of the State of Mississippi, approved March 4, 1878, which reduced the price of the lands known as "The Internal Improvement Lands," granted by said act of congress, from the $1.25 per acre to fifty cents per acre. This reduction was not "authorized by law of the United States," and, if the legislature acted without authority, then any patent issued under said act must be void.

The United States constitution, art. 4, sec. 3, provides that "congress shall have power to dispose of and provide all needful rules and regulations respecting the territory of the United States," and in passing the act of September 4, 1841, congress merely exercised a constitutional right.

To hold that the patent in this case passes the title to the appellee, will be to say that, not congress, but the State of Mississippi has power to dispose of the public lands and of prescribing the rules and regulations concerning that disposition, which would be to say that the laws of the State of Mississippi are paramount to the laws of the United States in relation to a subject confided by the constitution to congress alone. *Wilcox* v. *Jackson*, 13 Peters, 498.

Should it be urged that this is an unwarranted collateral attack upon a patent, which is the highest evidence of title, I answer in the words of the law: "The patent for land must be executed strictly in the manner prescribed by statute. Every integral part of its execution is essential to its perfection, and before it can operate as a grant, the formalities of the law prescribed for its execution must be complied with." 19 Am. & Eng. Enc. L., 352.

*Calvin Perkins*, for the appellee.

The case of *Van Wyck* v. *Knevals*, 106 U. S., 360–370, is conclusive of the question that no one but the United States, through judicial proceedings or by act of congress, can question the validity of the patent which the State of Mississippi issued to the plaintiff. See, also, *St. Louis, etc.*, v. *McGee*, 115 U. S., 469; *Schulenberg* v. *Harriman*, 21 Wall., 44; *Schow* v. *Harriman*, 21 Wall., 264.

WHITFIELD, J., delivered the opinion of the court.

The eighth section of the act of congress of 1841 did not itself vest the title *in præsenti* in the state. *Foley* v. *Harrison*, 15 How. (U. S.), 434; *Patterson* v. *Tatum*, 3 Sawyer's Cir. Ct. Rep., 165. But "when [as said in the last case cited, approving *Doll* v. *Meador*, 16 Cal., 320] the selection and location were once made, pursuant to the state's directions, of lands not reserved, but subject to location, the general gift of the quantity becomes a particular gift of the specific lands located, vesting in the state a perfect and absolute title to the same; and that title passed by her patent." *Van Wyck* v. *Knevals*, 106 U. S., 360, controls this case. The same learned judge (Field) delivered the opinions in all three of these cases— *Van Wyck* v. *Knevals*, *Patterson* v. *Tatum*, and *Doll* v. *Meador*.

*Foley* v. *Harrison* does not support the contention of counsel for appellant. In that case the location of the land was never approved by the proper federal authorities. On the contrary,

a special tribunal, with judicial power, created by act of congress of August 3, 1846, composed of the secretary of the treasury, the attorney-general, and the commissioner of the general land office, expressly disapproved the location, and the court said, at p. 448, that "decision was final within the law."

*Patterson* v. *Tatum* is wholly unlike the case at bar. There the selection and location was of land expressly reserved, by the proper federal authority, from sale, and hence not subject to location. Pages 166, 170. This case is like *Doll* v. *Meador*, distinguished and reaffirmed in *Patterson* v. *Tatum*. In *Doll* v. *Meador*, as here, the party seeking to set up, in a private litigation between himself and his adversary, the invalidity of the state's patent, based on the selection and location, was a "trespasser without title, not in privity with a common or paramount source of title." And the court said: "There, in *Doll* v. *Meador*, the controversy was between the holder of a patent of the state and a trespasser without title, and it was held that the latter, not being in privity with a common or paramount source of title, was in no position to question the validity of the patent or the action of the officers of the state by whom the lands were selected." Page 172, and again at pages 174, 175. "The point here is as to the status of the party who can raise any question as to its validity, when it is regular on its face. Nor do we question the proposition that the defendant might have disputed the evidence of title furnished by the patent, by showing that the land in question was not included in the act of congress, or was within the exceptions contained in the act of this state. We only annex to the proposition the qualification that, to do this, he must first have brought himself in some privity with the common source of title. If he was a mere intruder, not possessing any claim of title, either from the state or general government, he would not be in a position to question the regularity and correctness of the action of the officers of the state in the selection of the lands in the issuance of the patents." It must be remembered

that *Doll* v. *Meador* and *Patterson* v. *Tatum* are cases arising on · the construction of this very section 8 of the said act of congress of 1841.

In *Van Wyck* v. *Knevals*, *supra*, it was said, p. 369: "A third party cannot take upon himself to enforce conditions attached to the grant when the government does not complain of their breach. The holder of an invalid title does not strengthen his position by showing how badly the government has been treated with respect to the property."

In this case the selection and location were duly made, under the act of the state legislature of February 26, 1842, duly reported December 19, 1844, submitted to the secretary of the treasury November 20, 1847, approved November 22, 1847, by the secretary of the treasury, and that approval was certified to the governor of the state, and a copy of the list of selected and located lands sent him November 30, 1847. Under the authorities cited, the title was thus perfected in the state; and, really, the true point of contention, properly understood, is not so much that such title was not so vested, but that the state could not thereafter sell the lands for less than one dollar and twenty-five cents an acre (sec. 9, act of 1841 of congress, code of 1857, p. 689), without a law of the United States authorizing it to do so, and that, hence, the act of the legislature of Mississippi of March 4, 1878, fixing fifty cents an acre was a nullity. It is not so much a complaint that title had not vested in the state, as that, having done so, the state could convey no title, under the act of 1878. But neither the state nor the general government is here complaining, and this defense is not available, as shown, to parties situated as are the appellants.

*Affirmed.*